

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2004

# Eshun v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2463

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Eshun v. Atty Gen USA" (2004). *2004 Decisions.* Paper 691.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/691

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2463

GEORGE ANTHONY ESHUN,

Petitioner

v.

JOHN ASHCROFT, IN HIS
CAPACITY AS ATTORNEY GENERAL
OF THE U.S.,

Respondent

On Petition for Review of an Order of the
Immigration and Naturalization Service
Board of Immigration Appeals
(BIA No. A 76 576 863)

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2004

Before:   RENDELL, STAPLETON, LAY*, Circuit Judges

(Filed May 19, 2004)

_____

    *   Honorable Donald P. Lay, Senior Circuit Judge of the United States Court of
    Appeals for the Eighth Circuit, sitting by designation.

OPINION OF THE COURT

RENDELL, <u>Circuit Judge</u>.

This matter comes before us pursuant to a Petition for Review of an Order of the Immigration and Naturalization Service Board of Immigration Appeals ("BIA"), affirming the ruling of the Immigration Judge that George Anthony Eshun had not satisfied the burden of proof required to establish his claim for withholding of removal and for protection under the Convention Against Terrorism ("CAT").

Eshun is a native and citizen of Ghana who arrived in the United States in June 1996. Eshun urges that, as a "prosperous individual," he was targeted by the regime of then-president J.J. Rollins, and the Ghana Militia, who committed human rights violations against, among others, wealthy businessmen such as Eshun's stepfather, J.B. Anim. Anim was engaged in the diamond mining industry, and introduced his stepson to this elite business world. With Anim's help, Eshun became a member of the "exclusive Precious Diamond Winners' Association."

Eshun urges that this success and wealth made him a target of the Ghana Militia; the area assigned to him was raided, and he was taken into custody and beaten. Eshun testified before the Immigration Judge that he was captured by the Ghana Militia in April of 1996 and taken to a military barracks, where he was held in custody for two days. He was stripped, questioned, made to sleep in a room that was three or four inches deep in

- 2 -

water so that he could not sleep lying down, and tortured.  Eshun arranged to leave Ghana and come to the United States through the aid of a friend.

The Immigration Judge initially was critical of Eshun's entry into the United States by means of a smuggler, who obtained false documents.  Eshun urged that he did not have knowledge of this and was not responsible for it, but the Immigration Judge believed that this at least raised "questions" regarding Eshun's veracity.  The Immigration Judge also questioned the *bona fides* of Eshun's marriage, based upon the fact that he had been found in possession of a document containing proposed answers to questions for an interview, suggesting that he lacked sufficient personal knowledge on his own regarding the woman he claimed was his wife.

The Immigration Judge made clear, however, that the most important aspect of the matter before him involved Eshun's contention that he was taken into custody and tortured by the Ghana Militia based upon a political motive.  The Immigration Judge viewed the evidence offered by Eshun, not as revealing a political motive, but, rather, as documenting a police attempt to investigate violations of law by diamond miners.  Moreover, the Immigration Judge found unconvincing Eshun's claim that he "would more likely than not" be subjected to torture by government agents if he were returned to Ghana, since Eshun could avoid the possibility of torture by relocating to an area other than the diamond mining region.

The BIA affirmed the Immigration Judge's ruling.  The BIA noted, also, that

Eshun had failed to show that he is a member of a particular social group as contemplated by the Immigration and Naturalization Act ("INA"), because members in the Precious Diamond Winners' Association do not share "an immutable or fundamental characteristic." See Matter of Acosta, 19 I&N Dec. 211 (BIA 1985), modified on other grounds, INS v. Cardoza-Fonseca, 480 U.S. 421 (1987). (A-002)

On appeal to our court, Eshun urges that he did meet his burden of proof, and, also, that the acts of persecution that were committed against him were on account of his membership in a social group. Eshun argues that he was targeted, along with other wealthy businessmen, because the Ghana Militia wanted to "inveigle the rich to donate their assets, property and money to fund the Rollins government." (Appellant's Brief, p. 6)

Eshun states that the Ghana Militia's purpose was not so much to "get their support for the administration of Rollins as to waylay their assets and property, and sequester their businesses." (Appellant's Brief, p. 7) Thus, he argues, their persecution was "due to their social status in society," and they should be classified as belonging to a particular "social group," one of the give protected grounds for relief.

Eshun also argues that the Immigration Judge did not base his determination on lack of credibility, and he urges that his testimony was sufficient.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the ruling of the Immigration Judge and the BIA for substantial evidence. Gao v. Ashcroft, 299 F.3d 266,

- 4 -

272 (3d Cir. 2002).

We conclude that substantial evidence supports the Agency's determination that the "Precious Diamond Winners' Association" in Ghana does not constitute a "particular social group" within the contemplation of the INA. The fact that Eshun had a certain livelihood and was wealthy does not make him a member of a social group as contemplated by the INA, because that classification carries with it the sharing of "an immutable or fundamental characteristic." Rather, Eshun shared an occupation, and he could have changed occupations so that he no longer was in the diamond business, or was no longer a member of the Association. Withholding of removal is only available under section 241(b)(3) of the INA if the alien's life or freedom would be threatened on account of ". . . membership in a particular social group . . ." Eshun has not sustained his burden of proving that he is so qualified for withholding of removal.

Further, we cannot find fault with the Immigration Judge's analysis of the probable motive for government interference with the diamond merchants, as it was supported by reports, whereas Eshun's argument that the militia were seeking financial support for the Rawlings government is unsupported.

Lastly, although Eshun contends that his credibility was not undermined, it is apparent from a review of the Immigration Judge's determination that, as noted above, he was skeptical of Eshun's claims as to precisely why the Ghana Militia had targeted him and his family. His credibility was further damaged in the Immigration Judge's eyes by

his manner of entry and his need to write down information about his wife.

Accordingly, the agency determination was supported by substantial evidence, and the Petition for Review will be DENIED.